(152 App. Div. 514.)

PEOPLE ex rel. HOTCHKISS et al. v. SMITH et al., Board of Elections of Putnam County.

(Supreme Court, Appellate Division, Second Department. September 16, 1912.)

1. MANDAMUS (§ 14*)—ACTS OF ELECTION BOARD—PREMATURE ACTION—FILING PETITION FOR INDEPENDENT CANDIDATE.

It will be presumed that members of a board of elections will decline to accept and file a petition for the placing of an independent candidate on a ballot where it does not comply with the last enacted law relating thereto, so that mandamus to compel them to disregard an existing statutory provision as unconstitutional was not premature, though brought without any express demand on or refusal by such board to file any particular certificate, and where the time within which such petitions could be filed had not expired.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 44–46; Dec. Dig. § 14.*]

2. MANDAMUS (§ 148*) — WHO ARE PROPER PARTIES — COMPELLING ACTS OF PUBLIC OFFICIALS.

Private citizens could bring mandamus to compel the performance of the duties of members of a board of elections in the manner required by a valid statute.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 289; Dec. Dig. § 148.*]

3. ELECTIONS (§ 21*)—MAKING INDEPENDENT NOMINATIONS BY PETITION—STATUTES—CONSTITUTIONALITY.

Laws 1911, c. 891, § 62, which amends Election Law (Laws 1909, c. 22 [Consol. Laws 1909, c. 17]) § 122, and requires the signatures of 1,500 voters to make a valid independent nomination for a candidate for public office other than municipal offices to be voted for in a district less than the whole state, but greater than a town or ward of a city, except in case of an assembly district when 800 voters may make such nomination for a member of assembly, is unconstitutional, as, in effect, prohibiting the filing of independent candidates by a petition in certain districts, and thus embarrassing a voter's freedom of choice.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 15; Dec. Dig. § 21.*]

4. STATUTES (§ 168*)—REPEAL—EFFECT OF UNCONSTITUTIONALITY OF REPEALING ACT.

On declaring invalid a section of the Election Law, the court may determine the rights of parties according to a previously existing statute whose validity is unquestioned.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 244; Dec. Dig. § 168.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. MANDAMUS (§ 172*)—ORDER TO SHOW CAUSE—QUESTIONS FOR DETERMINA-
TION.

Where, in mandamus proceedings, relator by order to show cause ques-
tioned the validity of one statute, which the court has found invalid, it
will not determine the constitutionality of previous acts dealing with the
same subject-matter.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 381–385;
Dec. Dig. § 172.*]

6. ELECTIONS (§ 21*)—NOMINATION BY PETITION—REQUIRING NOMINATORS TO
BE REGISTERED VOTERS—VALIDITY OF STATUTE.

Laws 1911, c. 649, § 2, which amends Election Law (Laws 1909, c. 22
[Consol. Laws 1909, c. 17]) § 123, and, in effect, requires a signer of a
nominating petition for an independent candidate to be registered as a
qualified elector, is not invalid as placing an unreasonable requirement
on a citizen who desires to be a nominator.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 15; Dec. Dig. § 21.*]

7. ELECTIONS (§ 21*)—NOMINATION BY PETITION—PERMITTING CANDIDATE'S
NAME TO GO ON BALLOT BUT ONCE—VALIDITY OF STATUTE.

Laws 1911, c. 649, § 2, amending Election Law (Laws 1909, c. 22
[Consol. Laws 1909, c. 17]) § 123, which provides that, when a political
party has named a candidate for a public office, no enrolled number of
the members of such political party shall be qualified to nominate the same
candidate for the same office upon an independent certificate of nom-
ination, is not unconstitutional, as the rights of the elector are guaran:
teed by the placing of a name on the ballot once.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 15; Dec. Dig. § 21.*]

8. ELECTIONS (§ 144*)—NOMINATION BY PETITION—RIGHT TO SIGN TWO OR
MORE PETITIONS FOR THE SAME OFFICE—CONSTRUCTION OF STATUTE.

Laws 1911, c. 649, § 2, amending Election Law (Laws 1909, c. 22 [Con-
sol. Laws 1909, c. 17]) § 123, providing that "no person shall join in
nominating more candidates for any one office than there are persons to
be elected," must be construed to prohibit the same person from sign-
ing two or more independent certificates of nomination for the same of-
fice.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 126; Dec.
Dig. § 144.*]

Hirschberg and Thomas, JJ., dissenting in part.

Appeals from Special Term, Putnam County.

Mandamus by the People, on the relation of William H. Hotch-
kiss and another, against John Smith and another, constituting the
Board of Elections of Putnam County. From an order (137 N. Y.
Supp. 177) granting the writ, relators and respondents prosecuted
cross-appeals. Modified and affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and
WOODWARD, JJ.

William H. Chadbourne, of New York City, for relators.

J. Hampden Dougherty, of New York City, for Empire State
Democracy, intervening.

Albert S. Bard, of New York City, for Citizens' Union, interven-
ing.

Henry C. Henderson, of New York City, for defendants.

Bartow S. Weeks and John Godfray Saxe, both of New York
City (Ellwood M. Rabenold, of New York City, on the brief), for
persons similarly situated.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J.  The necessity of a prompt decision in this case renders it difficult for us to do more than briefly to state the contentions of the various parties and our conclusions in respect to the same.

[1] At the threshold of the case, we are met with the contention that these proceedings are premature.  The duty devolved upon the board of elections is to file certificates of nomination which are in conformity to the provisions of the last valid statute relating thereto, if any such exists.  No express demand to file any particular certificate has been made upon defendants.  There has been no express refusal to do so.  Granting that defendants' duty is a public one, and that omission to perform such duty is equivalent to a refusal to perform (High on Mandamus, § 13; State ex rel. Norris v. Wrightson, 56 N. J. Law, 126, 28 Atl. 56, 22 L. R. A. 548), it may be urged that as yet the defendants have not omitted to perform, for the time fixed within which performance may be had has not yet expired.  In fact, the time specified in the latest statute relating thereto (Laws 1911, c. 891, § 62, amending section 128 of the Election Law [Consol. Laws 1909, c. 17]  Laws 1909, c. 22), within which a certificate may be presented, has not yet arrived.  But, although evidence is lacking of an express refusal to perform a particular act, we think that it may justly be inferred that defendants will refuse to file any certificate except one which shall comply with the requirements of the statute above referred to.  Defendants are executive officers.  As a rule, executive officers do not, upon their initiative, disobey the requirements of a statute, because in their judgment it may violate some constitutional provision.  In the absence of evidence to the contrary, it may be presumed that they will not.  This presumption must be overcome by evidence clear and convincing in character.  It may not always be sufficient for such officers to say that they have not yet decided what course to take.  Where delay in reaching such determination will result in depriving one of an efficient remedy if the determination is erroneous, either the presumption above referred to should prevail, or the person charged with the performance of the duty should seasonably announce his determination respecting his future action in terms admitting of no mistake or misunderstanding.  There is no such evidence in this case.  One of the defendants by a letter advised relators substantially to the effect that his future action with reference to the filing of independent certificates of nomination would be controlled by the requirements of the statute above referred to.  It is true that subsequently, by affidavit read in opposition to this motion, he sought to break the force of this statement.  The most that can be said with regard to this is that his position relative to future action is equivocal.  The other defendant declines to commit himself at all upon the subject.  We think, therefore, for the purposes of this application, we are justified in assuming that the defendants will refuse to accept or file any certificate of nomination, except such as fulfill the conditions imposed by the act of 1911.  The situation is similar, therefore, to that which would

arise if defendants had in express terms announced that they would refuse to file any certificate which did not comply with the requirements of such act. In such case mandamus will lie.

[2] Neither is there any force in the contention that relators are not aggrieved parties. If defendants' duty is of a public character, any citizen interested in the performance thereof may institute proceedings to compel performance. Relators have the right to compel proper performance when the time for performance arrives. When no discretion is conferred upon a public officer, but the manner of performance is regulated by a valid statute, that is proper performance which complies with the statutory requirement.

[3] Considering the merits, we conclude:

1. That the provisions of section 62 of the Act of 1911, amending section 122 of the Election Law of 1911, requiring the signatures of 1,500 voters to make a valid independent nomination for a candidate for public office other than municipal offices to be voted for in a district less than the whole state, but greater than a town or ward of a city, except that 800 voters or more of an assembly district. may make such nomination for member of assembly to be voted for in such district, is invalid.

[4] (a) The law is applicable to every such district within the state. If, therefore, in any such district the requirements of the statute are such as to unreasonably deny the electors equality of opportunity to cast their ballots for the candidate. of their choice, or rather be unnecessarily discriminate against them in respect thereto, it violates their constitutional rights. The word "district" is a broad one. Included therein may be the judicial districts into which the state is divided, and also the territorial divisions designated as counties. In some of the "districts," as, for instance, in some of the judicial districts of the state, the requirement as to number may not be unreasonable. We do not decide that question. In some of the "districts," as, for instance, in some of the counties of the state, the requirement is, in effect, prohibitory. Doubtless the fairer method of determining the requisite number of signatures, in view of the varying sizes of population of these "districts," would be one based upon a specified percentage of nominators to the entire body of electors. The Legislature have chosen what, for convenience, may be designated as a "flat rate." If this "flat rate" operates to unreasonably hinder the electors of any of these "districts" in expressing their freedom of choice, then the whole legislative provision must fall. We may not attempt to separate the good from the bad. All of the parts of the legislative scheme are so inseparably connected that it must stand or fall as a whole. Nullifying these provisions of the act of 1911, we are left either without any legislative provision relative to independent nominations so far as the requisite number of nominators is concerned, or we must fall back upon some previously existing statute, the validity of which is not questioned. Devoy v. Mayor, 36 N. Y. 449; People v. Dooley, 171 N. Y. 74, 85, 63 N. E. 815; People ex rel. Farrington v. Mensching, 187 N. Y. 8, 22–26, 79 N. E. 884, 10 L. R. A. (N. S.) 625, 10 Ann. Cas. 101. The former alternative might result

in the total destruction of our present system of conducting elections with an official ballot. Chaos would follow. This must be avoided, if possible. The learned court at Special Term has gone back to the act of 1896 as a valid act relating to those districts in the state in which are included counties. Laws of 1896, c. 909, § 57, re-enacted in chapter 17 of the Consol. Laws 1909 (Laws 1909, c. 22, § 122). This act provided that in districts less than the whole state, but greater than a ward or city, 1,000 nominators were sufficient, except in the case of nominations for members of assembly, when 500 would suffice. The order as entered requires the defendants to disregard that portion of said act which relates to districts "other than assembly districts," but leaves the act of 1911 intact so far as it relates to the latter. The reasoning which resulted in declaring the act of 1911 unconstitutional "so far as it relates to districts other than assembly districts" applies with even greater force to that portion thereof relating to assembly districts. The order should be modified in that respect.

[5] Relators now ask us to go still further back in the history of legislation relating to elections and independent nominations, and to rest upon the act of 1890 (Laws of 1890, c. 262, § 5) as the only act of legislation relating to a sufficient number of nominators. We may concede that forcible criticism might be made upon the fairness of each of the acts preceding the act of 1911, including the act of 1890 itself. But the relators brought on this proceeding by an order to show cause. In that they particularly specified the act of 1911 as the one whose validity was questioned. In view of that, and because both in the act of 1892 (Laws of 1892, c. 680) and the act of 1890 (Laws of 1890, c. 262), there is a different grouping of political divisions from that in the act of 1911, one of which no longer exists, we do not feel called upon to consider the validity of these acts. We rest with a declaration that the act of 1911 is unconstitutional.

[6] 2. The provision of section 2 of the Act of 1911 (Laws of 1911, c. 649), which amends section 123 of the Election Law, and, in effect, requires a nominator to be registered as a qualified elector, is, in our opinion, a valid provision. It is true that the certificates of nomination must be filed in advance of some of the days of registration. They need not be filed in advance of all of them. The days of registration this year are October 11th, 12th, 18th, and 19th. All of the certificates may be filed as late as October 11th, and some as late as October 16th. It is not an unreasonable requirement that the citizen who wishes to be a nominator should also register to enable him to make his nomination effective. As to all of the offices to be voted for at the coming election, the nominator has one day in which to register, and, as to many of them, two. In such cases the evils suggested by relators resulting from possible sickness and death cannot follow to any appreciable extent. Within the doctrine of Burke v. Terry, 203 N. Y. 293, 96 N. E. 931, the act may be upheld. "Independent nominators are not constrained" to delay registration until after the certificates of

nomination are filed. Neither is there force in the contention that a certificate of nomination, valid when filed, may become invalid by the happening of a condition subsequent. Rather is it the case that a certificate of nomination becomes valid only when a sufficient number of the nominators shall, on one of the days of registration, register as a qualified elector. Such registration may be made after as well as before the filing of the certificate. People ex rel. Steinert v. Britt, 146 App. Div. 683, 131 N. Y. Supp. 455.

[7] 3. The provisions of the same section, that, when a political party has named a candidate for a public office, no enrolled member of such political party shall be qualified to nominate the same candidate for the same office upon an independent certificate of nomination, is not unreasonable, and should be sustained. Some regard should be had to convenience of voting. This is not subserved by a ballot several feet in length. The object of the Election Law is to permit the placing upon the ballot of the names of those candidates for whom a reasonable number of electors desire to vote, and unite to express such desire. But, when the name of such candidate appears once, the rights of the elector whose party thus has named him has been protected. No advantage accrues to him from having such candidate's name appear a second time upon the same ballot. So much of the order as declares the clause of section 123, above referred to, invalid, should be reversed.

[8] Relators in their brief refer to a further provision of the same section of the Election Law, to the effect that "no person shall join in nominating more candidates for any one office than there are persons to be elected thereto." The learned court at Special Term construed this as operating only as a prohibition against the signing by the same person of two or more independent certificates of nomination for the same office. This is a reasonable construction, and should be preferred to that suggested by Mr. Justice Andrews in Matter of Commissioner of Elections, 64 Misc. Rep. 620, 623, 120 N. Y. Supp. 580. So construed, relators acquiesce in it. In view of the form of the order and of relators' notice of appeal, it may be doubtful whether this question is properly before the court; but, as reference has been made to it in the briefs, we do not deem it amiss to express our opinion respecting the same.

Our conclusion, therefore, is that the order should be modified by providing: (1) That defendants disregard as unconstitutional that part of section 62 of chapter 891 of the Laws of 1911 which purports to amend section 122 of the Election Law by increasing the number of signatures required for an independent nomination of candidates for public office, other than municipal offices, to be voted for in a district less than the whole state, but greater than a town or ward of a city both as to members of assembly and as to the other candidates designated therein. (2) That defendants shall not disregard so much of the provisions of section 123 of said Election Law, as amended, as is referred to in said order, in these words:

"The name of no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector, and in case a candidate nominated by an independent certificate of nomination, be, at the time of filing the said certificate, or afterwards, the candidate of a political party for the same office, the name of no person who is an enrolled member of such political party shall be counted."

As thus modified, the order should be affirmed without costs. All concur, except HIRSCHBERG, J., who dissents as to the provision respecting registration, and THOMAS, J., who dissents as to the provision relating to the number of nominators for member of assembly, and as to the provision respecting registration.