In the Matter of the Application of MATTHEW A. HEERAN, Petitioner, for a Peremptory Mandamus Order against JOHN J. SCULLY, Corporation Counsel, and JOHN G. SALT, City Clerk, of the City of Rensselaer in the State of New York, Respondents.

Supreme Court, Rensselaer County, February, 1930.

*Dugan & Bookstein,* for the petitioner.

*John J. Scully, Corporation Counsel,* for the respondents.

STALEY, J. This is an application for an order of mandamus directed to the city clerk and corporation counsel of the city of Rensselaer.

Pursuant to the City Home Rule Law (Laws of 1924, chap. 363), the common council of the city of Rensselaer passed a local law amending the charter of the city (Laws of 1915, chap. 69) as enacted by the Legislature of the State in respect to the membership and duties of the board of public safety.

The local law was approved by the mayor and the question presented here involves a determination as to the effect of that approval and whether this local law in order to be a valid and effective enactment must be submitted to the electors for their approval at the next general election pursuant to section 15 of the City Home Rule Law.

The board of public safety as created by the city charter consists of the mayor, city clerk and city treasurer — all officers of the municipality elected by the people.

The local law, among other things, increased the membership of this board by adding thereto the city engineer and the corporation counsel, both of whom are appointees of the mayor.

If section 15 applies to the local law in question, it must be submitted to the voters, and the city clerk with the advice of the corporation counsel must prepare an abstract of this law for the purpose of such submission. (City Home Rule Law, § 18.)

The corporation counsel of the city is of the opinion that submission of this local law by referendum is not required by the City Home Rule Law, and that section 15 thereof does not apply to it, and has so advised the city clerk, who, acting upon that advice, refuses to prepare the proposition and an abstract of the law for vote thereon by the electors of the city.

Section 15 of the City Home Rule Law provides that a local law must be submitted to the voters where it " abolishes, transfers or curtails any power of an elective city officer."

The issue reduces itself to a determination of whether there is any curtailment of power of the mayor, city clerk and city treasurer, who are elective officers and who now constitute the board of public safety, by the increase of the members of that board by the addition of two new members, neither of whom was chosen by the electors.

That curtailment of power of the elective officers named is the effect of this local law as a practical matter clearly appears when the possibilities are considered. Official boards function in action and policy by an expression of the will or choice of a majority of their members. Our whole system of government functions through the will of the majority. To assert otherwise is to be at odds and to quarrel with a principle elementary and fundamental in character.

If the common council on its own authority, with the approval of the mayor, can add two members to this board, it can as readily add four or five members and create a board of such number where the power of the elective officers thereon is reduced to the state of a powerless minority.

The obvious intent of the Legislature was to guard against any such emasculation of the powers of the officers who have become such through the test of the ballot. The City Home Rule Law gives to the local legislative body power of regulation of local affairs in many details, but places a check upon its power so far as it concerns the officers chosen by the electors. It recognizes that the right to change their powers is one that resides in the people and that such powers shall be curtailed only when the people decree that such change shall be made.

The corporation counsel contends that his interpretation of the law is not subject to review by mandamus. I am constrained to differ with this declaration.

The law places upon the city clerk the duty to prepare an abstract of a local law which must be submitted to the electors to become an

effective enactment and provides that this duty must be performed with the advice of the corporation counsel.

The performance of a duty created by law upon a public officer is subject to the command of a mandamus order and this is so even though the duty may involve the construction of a statute. Otherwise a public officer could evade the performance of a plain duty on his construction that the duty did not exist. Such a position is nutenable and the value of the remedy by mandamus would thereby in many instances be impaired and defeated. (*Roberts* v. *United States*, 176 U. S. 221, at 231, cited with approval in *Wilbur* v. *Krushnic*, 280 id. 306, at 318.)

Mandamus may be invoked to compel the performance of a duty where performance is refused although it may not always direct the particular manner of such performance.

Where a public officer announces that he will not comply with the requirement of a statute, mandamus will lie to compel him to do so and any citizen may institute proceedings to compel a public officer to perform duties of a public character. (*People ex rel. Hotchkiss* v. *Smith*, 152 App. Div. 514.)

A mandamus order may issue directing the city clerk to prepare a proposition for submission of said local law and an abstract thereof and transmit same to the election officers charged with the duty of publishing the notices for the next general election in said city, and also directing the corporation counsel to advise with said city clerk concerning the proposition to be submitted and an abstract of said local law, with ten dollars costs.