In the Matter of the Application of MARY FENSON, Petitioner, for a Mandamus Order against THE STATE LIQUOR AUTHORITY and Another, Respondents.

Supreme Court, Broome County, July 27, 1934.

*Irving K. Baxter*, for the petitioner.

*Nelson Ruttenberg*, for the respondent.

PERSONIUS, J.   The petitioner applied for a license to sell liquor at retail at 182 Clinton street, Binghamton, N. Y.   The Broome County Alcoholic Beverage Control Board, hereinafter called the " county board," disapproved said application, saying: " Too many stores in this vicinity.   Brothers of applicant are beer distributors (Co-Operating Distributing Co.) and subterfuge is suspected in this case."   On petitioner's application for a rehearing or review the New York State Alcoholic Beverage Control Board, hereinafter called the " State board," concurred in the action of the county board and disapproved petitioner's application, saying: " The State Board concurs in the action of the County Board in disapproving this application for the reason that public convenience and advantage will not be promoted by the issuance of such license."

The State Board Rules 45 to 49, inclusive, provide in substance that only one license shall be granted to any individual; that no retail license for off-premises consumption shall be granted unless the applicant is the owner or in possession of the premises under a lease and the premises located in a business center on a main thoroughfare with a street level entrance, and, further, that the licensed premises shall not be within a certain number of feet of a church or school or located less than 700 feet (in cities having less than 1,000,000 population) from any other premises holding a similar license.   It is not claimed that any of these rules forbid the granting of petitioner's application.   The petitioner, therefore, argues that her license must be granted.

We think not.   (*Matter of Silberglied* v. *Mulrooney*, 150 Misc. 251, and cases cited.)   In that case, after pointing out that the sale of liquor by a citizen was not a right but a privilege, and that its regulation rests in the discretion of the governing authorities and may be delegated, the court said (p. 260): " ' Now, if the State may prohibit the sale of liquor altogether, since it is clearly not a " privilege or an immunity " in the meaning of the Constitution, may it not authorize the sale on such terms, by such persons, and at such places, as it thinks proper?   And, if it may do this directly, may it not delegate to others the exercise of the power?   It has simply delegated a portion of its sovereignty to the county commissioners of Chatham county.   The commissioners, in the exercise of that sovereignty, refuse a license to the petitioner.   The discretion must rest somewhere.   The State might have exercised it.   It intrusts its discretion to the board of county

commissioners, and, as I have said, by the terms of the grant, this discretion is final and not reviewable.' "

The rules are all negative. No attempt was made by general rules to say when an application *should* be granted and a license issued. Must the board, in the exercise of the discretion lodged with it, act solely by general rules, or may it enact general rules, as it has, and still exercise its discretion on each application as it is presented? Of course, if the granting of an application is forbidden by the general rules, it would not be granted, but if not so forbidden, must it be granted? The petitioner argues that because her premises are not within the prohibited number of feet from another licensed place, and no other rule is violated, the authorities have no discretion and must issue a license to her. To establish a retail liquor store every 1,500 feet or 700 feet might in the honest discretion of the board be entirely unwarranted and improper, but if the petitioner's contention is sound, the authorities have no discretion to do otherwise. We cannot agree that the discretion of the board is so limited. It may consider the neighborhood, even though it be on a business street, and it may consider the number of licenses, not only in the municipality as a whole, but in the vicinity or zone. This apparently is what the county and State board did here. The county board said there were " too many stores in this vicinity." The State board concurring said: " Public convenience and advantage will not be promoted by the issuance of such license." The court should not, and cannot, interfere with the judgment of either board in so exercising the discretion lodged with them. (*People ex rel. Reuther* v. *Sisson,* 101 Misc. 429.) In that case the court was reviewing the action of a local board in reducing the number of licenses in a municipality (Laws of 1917, chap. 623). It said (p. 438): " If he [applicant] is entitled to a certificate then every one of the twenty who were left out who are suitable persons is likewise entitled to a certificate. Where shall the line be drawn? "

Nothing appears in the papers here to indicate that the board acted arbitrarily. Though there may have been no license granted within the prescribed number of feet of the petitioner's premises, the board might reasonably decide, as it did, that there were ample or too many stores in the vicinity and that public convenience and advantage would not be promoted by the granting of another. Can it be said that a retail liquor store is reasonably necessary every 1,500 or 700 feet in a business district? Can it be said that because there was no other licensed store within the prescribed number of feet of the applicant's premises the board acted arbitrarily in refusing her a license? We think not.

*Matter of Silberglied* v. *Mulrooney* (*supra*) held that rule 49 was reasonable but it did not hold or even indicate that the board must grant every application which met the requirements of that and other rules.

The petitioner argues that she cannot review the action of the board by certiorari because the Alcoholic Beverage Control Law (Laws of 1933, chap. 180, § 87; Laws of 1934, chap. 478, § 121), which provides for review by certiorari in certain specified instances, does not include the action here complained of. But that law is not exclusive. It does not forbid the review by certiorari of any action of the board or boards not there specified.

The court may compel the board or boards to act. It cannot substitute its judgment for their judgment and dictate their action.

Petition is denied. Submit order accordingly.