In the Matter of the Application of ROBERT S. WILSON, Petitioner, Appellant, for an Order against JAMES C. QUINN and Others, Individually and as Members Constituting the New York City Alcoholic Beverage Control Board, and HENRY E. BRUCKMAN, Chairman, JOSEPH M. RYAN and Others, Individually and as Members of the State Liquor Authority, Respondents.

First Department, February 11, 1938.

*Richard S. Temko,* for the appellant.

*William H. Ticho, Counsel of State Liquor Authority,* for the respondents.

COHN, J. The State Liquor Authority has the discretionary power to refuse to issue a liquor license. (*Matter of Blankfein* v. *Bruckman,* 273 N. Y. 588; *Fenson* v. *State Liquor Authority,* 243 App. Div. 847, affg. 152 Misc. 446; Alcoholic Beverage Control Law [Laws of 1934, chap. 478], § 2; § 17, subds. 1, 2.) Nevertheless, its determination is subject to the right of judicial review. (*Matter of Yacht Club Catering* v. *Bruckman,* 276 N. Y. 44, 48; Alcoholic Beverage Control Law, §§ 2, 121.) The New York city alcoholic beverage control board is required by statute to receive an application for a retail liquor license within its jurisdiction and to recommend to the Liquor Authority the issuance or the refusal of issuance of such a license. (Alcoholic Beverage Control Law, §§ 43, 63.) The performance of such duty is ministerial and upon a refusal to act the city board may be compelled to do so by court order. (*Fulton Restaurant, Inc.,* v. *Quinn,* 253 App. Div. 740.)

It appears that the local board has declined to receive petitioner's application because of a resolution of the State Liquor Authority to the effect that until further notice no retail liquor store licenses for consumption off premises would be issued. The fact that the local board may, for that reason, regard the performance of its duty as futile furnishes no legal excuse for failure to act. (*Matter of Heeran* v. *Scully,* 135 Misc. 874, 876; affd., 229 App. Div. 822; affd., 254 N. Y. 344.) Such omission in effect operates as a denial

of the right of judicial review of a determination of the Liquor Authority upon petitioner's application for a license. In *Matter of Blankfein* v. *Bruckman (supra)*, the authority upon which respondents rely, the sole question decided by the Court of Appeals was the constitutionality of subdivisions 1 and 2 of section 17 of the Alcoholic Beverage Control Law. In that case the right of the local board to refuse to entertain or act upon an application for a license was not passed upon by our highest court.

It follows, therefore, that the order of Special Term should be reversed, with twenty dollars costs and disbursements, and the petitioner's application should be granted, with fifty dollars costs.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; CALLAHAN, J., dissents.

Order reversed, with twenty dollars costs and disbursements to the petitioner, and the motion granted, with fifty dollars costs. Settle order on notice. [Affd., 277 N. Y. 720.]