In the Matter of BECKIE SUSSMAN, Petitioner, against NICHOLAS M. NAPPY et al., Respondents.

Supreme Court, Special Term, Kings County, February 6, 1946.

*Victor Sussman* for petitioner.

*John M. Wilson, Joseph J. Schwartz* and *Harry A. Spiegel-man* for Nicholas M. Nappy, respondent.

*Jack Reinstein, John Di Leonardo* and *Harry F. Karst* for State Liquor Authority, respondent.

SMITH, J. Plaintiff, a taxpayer, moves herein for an order restraining the respondent, Nicholas M. Nappy, from engaging in the retail sale of liquor for off-premises consumption at 2081 East 16th Street, Brooklyn, New York, and revoking the license previously granted by the respondents constituting the State Liquor Authority.

It is petitioner's contention that the aforementioned premises are not located " in a business center on a main thoroughfare ", as required by subdivision 2 of section 105 of the Alcoholic Beverage Control Law.

The store in question is in a building located on the northeast corner of East 16th Street and Avenue U, about sixty-two feet from the corner. It is adjoined by two other stores, one for dry cleaning and the other a plumbing shop. Other stores are being built on the northwesterly corner of East 16th Street and Avenue U, and just about opposite and on the southeast corner there is a theatre known as " Avenue U Theatre." It is to be noted that East 16th Street is an open thoroughfare running unobstructed at least from Avenue S to Sheepshead Bay Road. It runs north from there all the way to Newkirk Avenue except for two or three interruptions by railroad crossings.

Subject to the rules embodied in the Alcoholic Beverage Control Law, the State Liquor Authority, and the Liquor Authority alone, has the discretionary power to give, withhold and revoke liquor licenses (*Matter of Yacht Club Catering* v. *Bruckman,* 276 N. Y. 44, 48; *Matter of Fenson* v. *State Liquor Authority,* 152 Misc. 446, affd. *sub nom. Fenson* v. *State Liquor Authority,* 243 App. Div. 847; *Reckler* v. *Quinn,* 255 App. Div. 873, affd. 280 N. Y. 768).

Here the Liquor Authority granted a license to the respondent Nappy to operate a retail package store upon what it considered was a main thoroughfare in a business center in the borough of Brooklyn. It is to be noted that in the Alcoholic Beverage Control Law there is no definition of the words " main thoroughfare ", and in a city like New York such a term is relative and not capable of clear and explicit definition. Based upon the facts submitted by the parties, there would appear to be some reasonable basis for the holding made by the authority that East 16th Street is a main thoroughfare within the purview of the statute. Under such circumstances, I do not think this court should substitute its judgment for that of the authority in determining whether a particular street is a main thoroughfare or not. It would seem to me that where, as here, the petitioner makes no showing that the Liquor Authority exercised its

power in an arbitrary, unreasonable or capricious manner, the determination of the authority is controlling upon the court (*Usdane* v. *Bruckman,* 30 N. Y. S. 2d 396).

The application of the petitioner is denied.