In the Matter of HAROLD PLATT, Petitioner, against BERNARD SHAPIRO et al., Respondents.

Supreme Court, Special Term, Bronx County, February 18, 1946.

*Victor Sussman* for petitioner.

*Nathan Greenberg* for Bernard Shapiro, respondent.

*Jack Reinstein, John Di Leonardo* and *Alvin McK. Sylvester* for State Liquor Authority, respondent.

HOFSTADTER, J. This is a taxpayer's application for an order restraining the State Liquor Authority from issuing a license for off-premises consumption of liquor to a store situated at No. 1196 Sheridan Avenue, borough of The Bronx. Subdivision 2 of section 105 of the Alcoholic Beverage Control Law provides, insofar as here applicable, that no license may be issued for the sale of liquor for off-premises consumption "unless said premises shall be located in a store * * * located in a business center on a main thoroughfare * * *." Petitioner contends that 1196 Sheridan Avenue is not located "in a business center on a main thoroughfare". There is no controlling authority in the First Department for the precise issue submitted by this proceeding. But the very question has been considered in a number of cases by courts in the Second Department, with a resultant sharp division of rulings.

I find myself in agreement with Justice SMITH's statement in *Matter of Sussman* v. *Nappy* (186 Misc. 139, 140) that: "It is to be noted that in the Alcoholic Beverage Control Law there is no definition of the words ' main thoroughfare ', and in a city like New York such a term is relative and not capable of clear and explicit definition."

Here, as in the *Sussman* case (*supra*), there were sufficient facts before the authority for that body to find that Sheridan Avenue was a main thoroughfare, and that No. 1196 was located in a business center. The authority's determination cannot be considered as arbitrary, capricious or unreasonable; and I am clear, under the circumstances, that I should not substitute my judgment for that of the authority (see *Matter of Sussman* v. *Nappy, supra,* and cases there cited; *Matter of Schwartz* v. *Bain,* N. Y. L. J., Jan. 24, 1946, p. 323, col. 5).

Insofar as the conclusion reached here is in disagreement with various contrary holdings, I can merely state that I believe the said rulings have given an unnecessarily restrictive construction to the language of subdivision 2 of section 105 of the Alcoholic Beverage Control Law, which rigidity is inconsistent with the dominant purpose of the law, as well as the practical construction hitherto given the said provision by the authority, and acquiesced in by all, since its enactment in 1934 (L. 1934, ch. 478).

Accordingly, the application is denied, and the petition dismissed. Settle order.