In the Matter of ANTONIO SANTORO, Petitioner, against JERRY MARGOLIS et al., Respondents.

Supreme Court, Special Term, Kings County, February 25, 1946.

*Ingram & Schenck* for petitioner.

*Eugene Zimmerman* for Jerry Margolis, respondent.

*Alvin McKinley Sylvester* for State Liquor Authority, respondent.

F. E. JOHNSON, J. The petitioner seeks to enjoin the operation of a liquor store by a respondent under a permit from the State Liquor Authority, on the ground that the permit was illegally issued because the store is not on " a main thoroughfare ", which is the statutory phrase (Alcoholic Beverage Control Law, § 105, subd. 2). Although the motion might well be denied on the grounds upon which Mr. Justice SMITH decided *Matter of Sussman* v. *Nappy* (186 Misc. 139), this question has been before several justices in this district without unanimity of result, and therefore warrants additional comment on the meaning of the statute.

The petitioner undoubtedly believed he was getting a much wider field of business opportunity when he and his son paid for a license, because at that time the current interpretation apparently excluded side streets; he now has a side-street competitor and will be greatly damaged, but perhaps the answer

is that at the time he received his license he was chargeable with knowledge that the statutory language was patently confusing and the question had not been settled by the courts.

The provision limiting the right to sell liquor to certain streets is an exercise of the police power in derogation of the common law, and a restriction upon what has always been regarded (except for a few years) as a legal business in America and should be strictly construed. If the respondent Margolis followed the forms prescribed by the State Liquor Authority and paid fees and abides by the permit there is no good reason for contracting the statute and limiting the location, and further restricting a right given by the Liquor Authority, when the petitioner's position rests upon language which is in great need of interpretation to warrant such action.

Courts are often called upon to come to the rescue of statutory language found to be in need of interpretation; the Legislature too often passes laws containing language that causes doubt as to meaning. The language quoted is certainly not judicial English; in small localities, where the common American practice originally was to have but one street, it was the sensible habit to name it " main street "; " main ", in connection with a highway, has become an American idiom. There never has been any difficulty in knowing what the *main* street of a place was, or the reason for so naming it; it was always *the* important thoroughfare, always the *principal* artery of travel, the town's outstanding roadway from every standpoint. Obviously there cannot be two *most* important streets; one is *the* main street, the others are not. While it is easy to imagine what is meant by the " main thoroughfare ", these words become obscure if it is implied, by prefacing it with " a ", that there are several *main* thoroughfares there. The Legislature used common language to describe a situation that could not be accurately described in common language, since the statute also governs large municipalities wherein the " one street " situation has ceased to exist. It would have been simple to have provided that the licenses were to be restricted to *important* thoroughfares or *business* thoroughfares, or to have used other words indicative of streets where there was *much business;* apparently the business aspect was also important since the statutory limitation provides also for that.

The Funk & Wagnall's New Standard Dictionary says that " main " was once the word in our language to describe *the* " great sea " as distinguished from any of its arms, i.e., to describe the " high sea "; also that it means " First or chief

in size, rank, importance, strength, extent, etc.; principal; chief; leading; as the *main* building "; secondary meanings given are " Essential; important ". Even these secondary meanings do not help the petitioner because the street on which respondent has been given permission to operate is not shown to be unessential or unimportant.

In granting the permit the authority is probably guessing at what the Legislature intended and this court would have to guess also; the Legislature chose to use language subject to reasonable difference of opinion as to meaning, and which is meaningless in a city like this. There is not only no *main* street here but in each borough there might well be reasonable dispute as to which is the borough's *main* street.

It is not too much to require the Legislature to use words with an eye to their legal meaning and if they choose to use those that are beclouded one who wants relief under that language has the burden of proof to show that the agency created by the Legislature has misinterpreted its powers. There is no suggestion of bad faith here and when statutory language indicates slovenly draftsmanship and a lack of clear thinking this court ought not to substitute its guess for that of the authority as to what the Legislature meant. When the Legislature gives the authority this vague and confusing guide as to procedure and in good faith the authority makes a decision that is not plainly unjust, illegal or arbitrary, this court should leave the parties where the Legislature has placed them until it faces the rule that statutes should be drawn in clear legal English, and recasts the law into language that accurately conveys the thought intended to be set forth. Denied.