In the Matter of Moe Kaplan et al., Respondents, against
Thomas E. Rohan et al., Constituting the State Liquor
Authority of the State of New York, Appellants.

Third Department, June 17, 1959.

*Abraham Weinstein, Oscar A. Bloustein* and *Emanuel D. Black* for appellants.

*Levine & Levine* (*Lazarus I. Levine* of counsel), for respondents.

GIBSON, J. The State Liquor Authority appeals from a Special Term order which denied its motion to dismiss the petition in an article 78 proceeding brought to review and annul the Authority's denial of a waiver of its rule 45. The waiver was sought by petitioners to enable them to apply for a restaurant liquor license. The motion to dismiss was upon the ground that the denial of a waiver is not subject to review in the absence of express provision therefor in sections 2 and 121 of the Alcoholic Beverage Control Law which the Authority deems exclusive.

Rule 45 of the State Liquor Authority was amended January 22, 1958 to limit the number of restaurant liquor licenses and to provide that applications therefor would not be accepted during the one-year period commencing February 1, 1958. It is further provided, however, that a waiver of the limitation may be granted upon submission of satisfactory proof of a number of particulars. These include evidence that the business sought to be licensed will be a genuine restaurant operation, the Authority looking to the applicant's business experience and proposed plan of management for assurance thereof. " In addition, the applicant must make a prima facie showing that public convenience and advantage will be served and promoted after consideration of the neighborhood and the number and location of hotels, restaurants and other eating places in the proposed area, whether licensed or not.'' The statement of the rule proper is preceded by a recital of a number of findings made by the Authority, the last being: " 6. That the public interest will best be served by requiring that preliminary approval in the form of waivers be secured from the Authority in connection with applications for new on-premises licenses in the State of New York in order to (a) insure that only clearly bona fide establishments will be licensed and (b) that removals will be permitted only to locations where the Authority is satisfied that public convenience and advantage will be served after consideration of the neighborhood and the number and location of hotels and restaurants and other eating places in the proposed area, whether licensed or not ''.

The Authority enacted rule 45 expressly pursuant to the authority conferred by subdivision 2 of section 17 of the Alcoholic Beverage Control Law. As enacted by chapter 478 of the Laws of 1934, that subdivision authorized the Authority: '' To

limit in its discretion the number of licenses of each class to be issued within the state or any political subdivision thereof.'' Chapter 315 of the Laws of 1938 added the clause: '' and in connection therewith to prohibit the acceptance of applications for such class or classes of licenses which have been so limited.'' A challenge to the constitutionality of subdivision 2 as originally enacted was rejected. (*Matter of Blankfein* v. *Bruckman*, 273 N. Y. 588.) The Court of Appeals has also sustained the validity of rule 17 adopted pursuant to subdivision 2 and dealing with licenses for sales for off-premises consumption, which limits the number of licenses to the number in effect as of the date of the rule and prohibits the acceptance of any applications for licenses, except upon transfers of ownership of existing stores. (*Matter of Brenner* v. *O'Connell,* 308 N. Y. 636.) It is to be noted, however, that rule 17 is in close conformity to the statute in providing a specific limitation of the number of licenses of the classes involved and an absolute prohibition against the acceptance of new applications. We do not find in subdivision 2 or elsewhere in the statute any delegation of the additional powers assumed by the Authority in promulgating rule 45. In our view, the theory of a '' preliminary approval '' (rule 45, *supra*) is not merely unauthorized by the statute but is clearly repugnant to its purpose and intent. That the denial of '' preliminary approval '', or, in different form of words, the denial of a '' waiver '' of the inhibitory rule, is in actual effect the denial of an application seems so clear as to require no discussion. Even if petitioners were not entitled to review as in the case of the denial of an application as such, the Authority's acts would, at the least, be subject to threshold review. '' Even where judicial review is proscribed by statute, the courts have the power and the duty to make certain that the administrative official has not acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the legislature.'' (*Matter of Guardian Life Ins. Co.* v. *Bohlinger*, 308 N. Y. 174, 183). Equating, as we do, the denial of a waiver to the denial of an application it seems equally plain that the Authority is without power to set up, by rule, a system for the approval or rejection of applications, in its uncontrolled discretion, parallel to, if not indeed exclusive of, that created by the Legislature. That unsuccessful applicants are, in the Authority's view, thus denied access to the courts for purposes of review, points up the unwarranted assertion of power and the consequent invalidity of the scheme. (Cf. *Matter of Wilson* v. *Quinn,* 253 App. Div. 403, affd. 277 N. Y. 720.) Thus we have no difficulty in reaching the conclusion that rule 45 is invalid and without effect.

It is necessary for procedural reasons, however, to reverse the order appealed from and to dismiss the petition since, in view of the invalidity of the rule, issues with respect to a waiver thereunder may not be litigated and petitioners may proceed in the usual manner by application to the local board for a restaurant liquor license.

The order should be reversed and the petition dismissed, without costs.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Order reversed and petition dismissed, without costs.