■ In the Matter of ABRAHAM P. CHRISTIAANSEN, Appellant, against JOSEPH P. KELLY, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Order unanimously reversed and proceeding remitted to the respondent for further proceedings in accordance with the memorandum, without costs of this appeal to either party. Memorandum: On October 23, 1956 petitioner was involved in an accident while operating a motor vehicle. As a result thereof, on July 12, 1957 he was convicted of reckless driving. Thereafter the respondent conducted a hearing with respect to the accident and upon a finding of reckless driving revoked petitioner's license to operate a motor vehicle. After the passing of a year petitioner applied for the reinstatement of his license. The record does not disclose that appellant has any other convictions but did have two other accidents — one in 1954 and the other in 1955. Upon receipt of the application for issuance of a new license the Commissioner, acting pursuant to subdivision 5 of section 71 of the Vehicle and Traffic Law, caused an investigation to be made by the State Police. The short report submitted by that body states that "Interview with three reputable citizens revealed that subject drinks heavily and is considered a near alcoholic." Thereupon the respondent denied the application with the proviso that a new application might be made after petitioner had "abstained from all alcoholic beverages for a period of one year." If there was a reasonable ground for respondent's refusal to issue a license, the denial cannot be set aside by the courts. The extent of our review is to determine whether the action of the Commissioner was arbitrary or capricious, that is, without a reasonable basis. (*Matter of Fink* v. *Cole,*

1 N Y 2d 48, 53.) Judged by these standards the determination of the Commissioner may not be disturbed. In our opinion, however, the further determination of respondent, which in substance denied petitioner the right to make a new application for a license until after he had abstained from all alcoholic beverages for one year, was an act in excess of the power granted to the Commissioner. The Vehicle and Traffic Law (§ 71, subd. 5) provides that "Where revocation is permissive, no new license or certificate shall be issued by such commissioner to any person until after thirty days from the date of such revocation, nor thereafter, except in the discretion of the commissioner after investigation or upon a hearing." While this provision grants to respondent broad discretionary power to grant or refuse a new license, it does not authorize him to condition the right to make a future application upon the existence of a stated fact. Such action in effect operates as a denial of petitioner's right of judicial review of a future determination upon a subsequent application. The fact that the Commissioner may have in mind that the failure to submit such proof might be fatal to a favorable determination furnishes no legal excuse for refusal to entertain the application. (Cf. *Matter of Kaplan* v. *Rohan*, 8 A D 2d 270; *Matter of Gross* v. *New York City Alcoholic Beverage Control Bd.*, 9 A D 2d 731; *Matter of Wilson* v. *Quinn*, 253 App. Div. 403.) (Appeal from an order of Monroe Special Term denying petitioner's motion and dismissing the petition.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.