In the Matter of THE REMEDY FOR INFINITE UNCONCERN FOR THE MENTALLY AND PHYSICALLY HANDICAPPED (TRIUMPH), INC., Respondent, v JAMES C. O'SHEA, as Commissioner of the Office of General Services of the State of New York, et al., Appellants.

Third Department, December 4, 1980

APPEARANCES OF COUNSEL

*Robert Abrams,* Attorney-General (*William J. Kogan, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for appellants.

*Fischbein, Olivieri & Rozenholc (Kenneth G. Schwarz* of counsel), for respondent.

MAIN, J.

Petitioner is a not-for-profit corporation which was formed in 1972 to create small residential villages throughout the State of New York, each of which was to house retarded children. Pursuant to chapter 782 of the Laws of 1974, respondent Commissioner of the Office of General Services was "authorized to sell and convey" a certain parcel of surplus State property to petitioner upon such terms and conditions as the commissioner deemed necessary. The approval of the conveyance by respondent Commissioner of Mental Hygiene and the Director of the Budget was also required. The parties entered into negotiations relative to the proposed conveyance with the final correspondence between them being a letter from Charles F. Flanagan, Chief, Bureau of Land Disposition, Office of General Services, to Alan Guthartz, President of petitioner. In this letter dated June 8, 1978, Flanagan informed Guthartz that petitioner's offer of $100,000 as consideration for the realty was "totally unacceptable".

With these circumstances prevailing on May 14, 1979, petitioner commenced the instant proceeding wherein it sought an order directing that respondents formulate a proposal for the acquisition of the land upon which the facility was to be constructed, that the proposal provide that the land could be acquired for a nominal cost and that respondent Commissioner of Mental Hygiene work as expeditiously as possible with petitioner so as to complete an amendment to petitioner's certificate of incorporation, an application for approval of construction and an operating certificate, all of which would be satisfactory to the Department of Mental Hygiene. Thereafter, respondents served an answer and also moved to dismiss the petition, and, ultimately, Special Term denied their motion. In so ruling, the court further found that respondents were required to take certain actions by the 1974 enabling legislation cited above, and, consequently, it directed respondents "to formulate a statement of the public interests to be served in the conveyance of the subject land to petitioner" and respondent Commissioner of the Office of General Ser-

vices "to formulate a written statement of the terms and conditions necessary to protect the interests of the State of New York" in the proposed conveyance. From this ruling respondents now appeal, and we hold that the order and judgment of Special Term should be reversed for the following reasons.

As conditions precedent to a proceeding in the nature of mandamus to compel action, such as we have here, there must be a demand upon a public body or officer to perform a duty and a refusal by the body or officer to perform (CPLR 217). In this instance, the record lacks evidence of the necessary demand, and, therefore, petitioner is precluded from instituting the mandamus proceeding *(Davey v Department of Civ. Serv.*, 60 AD2d 998). Moreover, even if petitioner's offer of $100,000 as consideration for the proposed conveyance is construed as a demand upon respondents to act, this proceeding would then be time barred under CPLR 217 because it was not instituted within four months of June 8, 1978, the date of the letter in which petitioner's offer was rejected by the Office of General Services.

Lastly, we note that consideration of the petition on its merits would likewise result in its dismissal. The language of the enabling legislation of 1974 is plainly permissive and not mandatory in nature in that it authorizes, but does not compel, the Commissioner of the Office of General Services to sell and convey certain State owned lands. Such being the case, the determination whether or not to sell and convey is left to the discretion of the commissioner, and, under these circumstances, mandamus is plainly inappropriate and not available *(Matter of Community Action Against Lead Poisoning v Lyons*, 43 AD2d 201, affd 36 NY2d 686; *Matter of Posner v Levitt*, 37 AD2d 331).

The order and judgment should be reversed, on the law, and the petition dismissed, without costs.

MAHONEY, P. J., GREENBLOTT, MIKOLL and HERLIHY, JJ., concur.

Order and judgment reversed, on the law, and petition dismissed, without costs.