■ In the Matter of JOSEPH T. BAUM, Respondent, v TOWN BOARD OF THE TOWN OF SAND LAKE et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered February 7, 1983 in Rensselaer County, which granted petitioner's application, in a proceeding

pursuant to CPLR article 78, to compel respondents to establish a salary for petitioner in his capacity as Confidential Secretary to the Supervisor of the Town of Sand Lake. On January 6, 1982, Supervisor Kelley of the Town of Sand Lake in Rensselaer County appointed petitioner to be his confidential secretary. Under subdivision 15 of section 29 of the Town Law, respondent Town Board of the Town of Sand Lake was required to fix a reasonable compensation for petitioner's services. The town board, at four successive meetings from February through May, 1982, failed to take action on proposed resolutions to fix petitioner's salary. The instant CPLR article 78 proceeding to compel the town board to establish petitioner's salary was then commenced against the town board and the individual board members. Special Term denied respondents' motion to dismiss the petition on the grounds of lack of jurisdiction over the subject matter and failure to state a cause of action. Special Term apparently converted the motion to one for summary judgment and its judgment directed the town board to "perform its duty pursuant to Town Law § 29(15)". This appeal by respondents ensued. Where a "petitioner has a clear legal right he is entitled to enforce" (*Matter of Sullivan v Siebert,* 70 AD2d 975), where the duty to fix compensation is clearly mandated by statute (Town Law, § 29, subd 15), and where the town board, whose duty it is to act in furtherance of that right, refuses to meet its responsibilities, a writ of mandamus is a proper remedy (see *Matter of Posner v Levitt,* 37 AD2d 331; see, also, *Court Officers' Benevolent Assn. v Evans,* 112 Misc 2d 236, 239). In the instant case, the Town Law specifically provides that a person designated as confidential secretary by the supervisor "shall receive a reasonable compensation for his services, to be fixed by the town board" (Town Law, § 29, subd 15). Thus, this appears to be an appropriate case for mandamus. Respondents' contention that this proceeding is premature because petitioner failed to make a demand upon the town board to establish his salary is not persuasive. Here, it is clear that a demand, if made, would have resulted in a refusal to perform. In such circumstances, the failure to make the demand is not a bar to commencement of a proceeding in the nature of mandamus (see *People ex rel. Hotchkiss v Smith,* 152 App Div 514, 517, mod on other grounds 206 NY 231; *Matter of Meyer v Commissioner of Public Safety,* 39 Misc 2d 608, 612; cf. *Matter of Remedy for Infinite Unconcern for Mentally & Physically Handicapped [TRI-UMPH] v O'Shea,* 77 AD2d 363, app dsmd 54 NY2d 681). The failure of Special Term to serve notice to the parties before converting the motion to dismiss into one for summary judgment (CPLR 3211, subd [c]) does not constitute reversible error since "the determination on the merits involved only a question of law which was argued by the parties on the motion and respondents have at no time identified or demonstrated the existence of any material factual issues" (*O'Hara v Del Bello,* 47 NY2d 363, 366, modfg 62 AD2d 1034). Respondents have made only a conclusory assertion that petitioner has not performed his duties as confidential secretary. This is insufficient to raise a triable issue of fact which would preclude an award of summary judgment (*Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264). Finally, respondents' contention that the petition should have been dismissed as against the three named individual town board members, Angelo Patti, Joseph Warren and Kenneth Martin, is correct. Although mandamus lies to compel the town board as a whole to act, it is inappropriate to direct any three individual town board members to act in a specific way. Courts should not meddle in the internal affairs of a legislative body. The judgment should, therefore, be modified by reversing so much thereof as denied respondents' motion to dismiss as against respondents Patti, Warren and Martin individually, and, as so modified, be affirmed. Judgment modified, on the law, with costs to petitioner against the Town Board of the Town of Sand Lake, by reversing so much thereof as denied

respondents' motion to dismiss the petition against respondents Angelo Patti, Joseph Warren and Kenneth Martin, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.