■ In the Matter of Louis Carter, Respondent, v New York State Division of Parole, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered March 21, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to expunge certain entries contained in petitioner's parole records.

Petitioner commenced this CPLR article 78 proceeding seeking an order directing respondent to expunge certain portions of petitioner's parole records which refer to criminal charges and parole violations that had been dismissed. According to petitioner, he was prejudiced because a report containing the dismissed charges was impermissibly used against him in an action brought by him in Federal District Court. Supreme Court granted the petition and this appeal by respondent followed.

We reverse. "As conditions precedent to a proceeding in the nature of mandamus to compel action, such as we have here, there must be a demand upon a public body or officer to perform a duty and a refusal by the body or officer to perform" *(Matter of Remedy for Infinite Unconcern for Mentally & Physically Handicapped [TRIUMPH] v O'Shea,* 77 AD2d 363, 365, *appeal dismissed* 54 NY2d 681 [citation omitted]). Since petitioner concedes that he made no such demand, he is precluded from instituting this CPLR article 78 proceeding in the nature of mandamus *(see, supra).* In addition, petitioner has shown no clear right to the relief sought in his petition; he points to no statute or regulation which requires removal of the objectionable material from his parole file.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.