■ Harvey Maybrown, Suing on Behalf of Himself and Other Similarly Situated Shareholders of Malverne Distributors, Inc., Appellant, v Malverne Distributors, Inc., et al., Respondents.—In an equity action (1)

to vacate a certain amendment to corporate by-laws, (2) to cancel shares purchased by the defendant corporation from the estate of a deceased shareholder, (3) to reinstate the plaintiff as a director of the defendant corporation and (4) for an accounting, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County, dated November 30, 1976, which granted defendants' motion to dismiss the complaint, and (2) the judgment of the same court, entered thereon on December 13, 1976. Order and judgment affirmed, with $50 costs and disbursements. The record indicates that the plaintiff approved corporate resolutions which (1) amended the subject by-law and (2) permitted the purchase of certain stock from a deceased shareholder's estate as treasury stock. The plaintiff was defeated in an election of directors at an annual shareholders meeting. The record is devoid of any showing of fraud which would justify the vacation of either resolution or the setting aside of the election. We note that although the defendants' motion sought dismissal of the complaint pursuant to CPLR 3211, Special Term, the affidavits of the parties at Special Term, and the briefs on appeal have treated the motion as though it were one for summary judgment. There is, therefore, no reason for us not to treat the motion as such (cf. *Rovello v Orofino Realty Co.,* 40 NY2d 633; compare *Cullen v Naples,* 31 NY2d 818). Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.