■ FREDERICK A. O'HARA, on Behalf of Himself and All Others Similarly Situated, Respondent, v ALFRED B. DEL BELLO, as County Executive of the County of Westchester, et al., Appellants.—In a proceeding pursuant to CPLR article 78 by a court reporter, on behalf of himself and others, *inter alia*, to direct the payment of certain travel vouchers, the appeals are (1) from a judgment of the Supreme Court, Westchester County, entered May 18, 1977, which denied appellants' motion to dismiss pursuant to CPLR 3211 and granted judgment in favor of the petitioner directing appellants to pay all properly submitted travel vouchers which had been certified by the Presiding Justice and already filed, as well as all such claims for the ensuing period through March 31, 1977 and (2) as limited by appellants' brief, from so much of a further order of the same court, entered August 26, 1977, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order made upon reargument. Order affirmed insofar as appealed from, without costs or disbursements. Without giving notice to the parties of its intention to do so, Special Term in effect treated appellants' motion to dismiss as one for summary judgment and granted judgment in favor of the petitioner. This was error (see CPLR 3211, subd [c]). However, appellants moved for reargument, at which time they had a full and fair opportunity to argue the merits of the controlling question of law. Upon granting reargument, Special Term adhered to its original determination in favor of petitioners. Under these circumstances the error was cured and a reversal on procedural grounds is not required. Appellants, having moved for relief pursuant to CPLR 3211, charted their own course and cannot now be heard to complain that they were not afforded the right to serve an answer as though their motion had been made pursuant to CPLR 7804 (subd [f]) (cf. *Cullen v Naples*, 31 NY2d 818). We have examined the merits of the case and agree with Special Term that petitioner is entitled at this time to the payment of vouchers from the county pursuant to section 313 of the Judiciary Law. In support of its motion to dismiss the petition, the county submitted affidavits from the Director of the Administration of the Courts and the Departmental Budget Officer for the Second Judicial Department of the State of New York alleging that payment of petitioner's vouchers was a State expense and that if submitted to the State, the latter would pay them. In view of the fact that the State of New York is not a party to this proceeding, no adjudication can be made with respect to its duty, if any, to pay these vouchers. Accordingly, the determination herein is without prejudice to the county's right to bring an action against the State, if it be so advised, for reimbursement for any payments that it makes to petitioner. We have examined appellants' other contentions and find them to be without merit. Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.