■    ANNETTE SCHNUR, as Executrix of BERNARD MEHL, Deceased, et al., Appellants, v IRVING MEHL et al., Respondents.—In an action to recover damages, *inter alia,* for breach of contract, gross negligence and emotional distress, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered June 4, 1979, which, after treating the motion of defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., and Leonard Gordon to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) as one for summary judgment pursuant to CPLR 3211 (subd [c]) and 3212, granted the motion as to those causes of action asserted against the movants. Plaintiffs further purport to appeal from so much of a memorandum decision of the same court, dated April 30, 1979, as dismissed the sixth cause of action as to Mehl. Appeal as to defendant Mehl dismissed. No order has been entered from which an appeal would lie. (See CPLR 5501, subd [c].) Order (as to defendants Merrill Lynch and Gordon) affirmed, with costs and disbursements. Plaintiffs' complaint pleaded that defendants Merrill Lynch and its employee Gordon (hereafter defendants) had improperly released the proceeds of the sale of the decedent's securities to a third party, defendant Mehl, and that such release, without further inquiry by said defendants, breached their fiduciary obligations and alternatively constituted gross negligence. However, in their opposition to defendants' motion at Special Term and in their current appeal brief, plaintiffs did not contest the validity either of the decedent's written authorization instructing defendants to release the check to Mehl or the decedent's indorsement on the check. On

this undisputed evidence, it must be concluded that the decedent actually received the check, thereby relieving defendant of liability for any subsequent loss of funds. In any event, since defendants proceeded in accordance with the decedent's instructions, they committed no impropriety and therefore summary judgment was properly granted as to those causes of action asserting gross negligence and breach of contract. As to Special Term's dismissal of the cause of action asserted by plaintiff Schnur individually for damages for her emotional distress as a result of defendants' alleged mishandling of the decedent's account, the lack of evidentiary facts to support the claim of misconduct precludes any recovery, even apart from the fact that the defendants had no legal obligation or duty to plaintiff Schnur. (See *Johnson v State of New York,* 37 NY2d 378, 379-380.) In affirming, we note that the motion to dismiss was converted to one for summary judgment without the required notice to the plaintiffs (see *Rovello v Orofino Realty Co.,* 40 NY2d 633). Since all parties treated the motion as one for summary judgment and the conversion has not been raised as an issue on this appeal—indeed the plaintiffs have improperly attempted to submit an additional affidavit on the appeal itself to establish a fact issue—we see no reason to treat the motion differently (see *Maybrown v Malverne Distrs.,* 57 AD2d 548; *O'Hara v Del Bello,* 62 AD2d 1034, mod on other grounds 47 NY2d 363). Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.