OPINION OF THE COURT
William A. Walsh, Jr., J.
Plaintiff moves for a preliminary injunction enjoining and restraining defendants from proceeding to construct eight additional community residential facilities for disabled persons on a 27-acre site owned by the State of New York in White Plains. Defendants move to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 3, 5, 7) on grounds that the complaint fails to state a cause of action, is in part barred by the Statute of Limitations and that plaintiff lacks capacity to sue. The motions are consolidated for dispositional purposes.
It appears that the State of New York acquired title to 27 acres of property located on Bryant Avenue in White Plains in or about January, 1971. On July 27, 1978, prior to the enactment of section 41.34 of the Mental Hygiene Law, which established the procedure to be followed in selecting sites for community residential facilities for the mentally disabled, the Mayor of the City of White Plains was notified that two community residences for the mentally disabled were to be constructed on the Bryant Avenue site. Those community homes were completed and are being utilized for the purpose intended.
In letters to the State Division of the Budget on October 15, 1976 and the Facilities Development Corporation on April 27, 1977, the Deputy Commissioner of the Department of Mental Hygiene, Division of Mental Retardation, stated the intent to improve the Bryant Avenue site with a total of 10 community residential facilities housing a population of 100 mentally disabled persons with sufficient staff provided in each home. The deputy commissioner requested the Facilities Development Corporation to name *211 an architect to proceed with the project as soon as budget approval was received for the purpose of developing a total site plan. It was stated that commitment had been made to the community in June, 1976 to proceed with 2 of the 10 units by June, 1977. A firm of architects submitted a report, dated June 9, 1977, advising that the concept of 10 community residences on the Bryant Avenue site was feasible.
On February 18, 1981, the Office of Mental Retardation and Developmental Disabilities forwarded to the Department of Environmental Conservation a copy of a negative environmental declaration for the Bryant Avenue site construction of eight additional community residences, resulting in a total of 10 such residences to accommodate 100 Willowbrook class residents. A copy of that declaration was sent to the Mayor of White Plains. Thereafter, construction activities were initiated.
On or about October 9, 1981, plaintiffs commenced this action. The complaint alleges six causes of action: (1) that defendants have failed to comply with section 41.34 of the Mental Hygiene Law which requires notice, in writing, to the chief executive of a municipality of any plans to establish one or more residential facilities for the disabled within a municipality, and prescribes a procedure for municipal objection to particular sites, for recommendation of alternate sites for the establishment of a residential facility, and for a request that a public hearing be conducted before any residential facility is established; (2) that the proposed structures do not conform to the White Plains building code; (3) that defendants failed to comply with a provision of the White Plains zoning ordinance which precludes a use of property within the city by a governmental or public authority, other than the City of White Plains, without first obtaining a governmental use permit from the Common Council; (4) that defendants failed to comply with the Environmental Conservation Law and the rules and regulations promulgated thereunder by the Department of Mental Hygiene; (5) that the construction of eight additional community residences on the Bryant Avenue site would result in an overconcentration of such facilities resulting in an institutional atmosphere contrary to the *212 provisions of the consent judgment entered in the Willow-brook Developmental Center action against the Department of Mental Hygiene; and (6) that the construction of eight additional facilities on the Bryant Avenue site would violate the provisions of sections 6001 through 6081 of title 42 of the United States Code, which guarantees to the mentally disabled the right to reside in a least restricted or noninstitutional environment.
Judgment is demanded declaring that defendants have violated the codes, ordinances, laws and consent judgment which form the basis of the causes of action alleged, declaring that the construction and operation of any additional community residences on the Bryant Avenue site constitutes a danger to the public health, safety and welfare and for a permanent injunction enjoining the construction and operation of any additional community residences on the Bryant Avenue site.
Defendants’ contention that the plaintiff lacks capacity to sue is without merit. There is no statutory provision, including section 41.34 of the Mental Hygiene Law, which explicitly limits the right to contest the establishment of homes for the mentally disabled to particular entities. Consequently, plaintiff association of property owners in close proximity to proposed community residences is not precluded from maintaining this action in view of allegations that property owners would be adversely affected and aggrieved by the defendants’ actions (Grasmere Homeowners’ Assn. v Introne, 84 AD2d 778).
The branch of defendants’ motion to dismiss brought pursuant to CPLR 3211 (subd [a], par 3) is denied.
Although the remaining branches of defendants’ motion to dismiss the complaint are brought pursuant to CPLR 3211 (subd [a], pars 5, 7) since issue has not been joined, the parties have undertaken to charter their course and, through counsel, have treated the motion as though it were one for summary judgment by arguing the merits of complaint allegations. Therefore, the motion is treated as one for summary judgment without the necessity of further notice pursuant to CPLR 3211 (subd [c]). (Maybrown v Malveme Distrs., 57 AD2d 548; Schnur v Mehl, 75 AD2d *213 890.) The affidavits and memorandum of law submitted by the attorneys for the respective parties constitute a submission by those with knowledge of the facts, as required by CPLR 3212 (subd [b]), in view of the nature of causes of action pleaded in the complaint.
The first cause of action must fall if section 41.34 of the Mental Hygiene Law does not apply to the establishment of community residential facilities on the Bryant Avenue site. That statute became effective on September 1, 1978 “provided, however, it shall not apply to community residences for which, in the judgment of the commissioner, sites were selected prior to the effective date of this act.” (L 1978, ch 468, § 4.)
The Bryant Avenue site was acquired by the State long before the effective date of section 41.34 of the Mental Hygiene Law, and the judgment of the commissioner that the site was selected for the eight additional community residences was articulated as early as October 15, 1976, about two years before the statute’s effective date. There is no requirement that the commissioner’s judgment be communicated to the municipality concerned. Despite plaintiff’s contention to the contrary, it has not been shown that the intent to establish a total of 10 community residences on the Bryant Avenue site was at any time abandoned by defendants.
The second and third causes of action relating to the failure of the proposed facilities to conform to the White Plains building code and zoning ordinance may not survive.
The State, or any agency of the State, is exempt from local regulatory control when authority is exercised in furtherance of a governmental purpose (Zubli v Community Mainstreaming Assoc., 50 NY2d 1024). The White Plains building code does not apply to the proposed construction of the eight additional community homes, and the White Plains zoning ordinance, which attempts to impede governmental use of property, is a nullity. Indeed, the executive assistant to the Mayor of White Plains stated in a letter dated March 17,1981: “We are fully aware of the State’s rights not to comply with local codes”.
*214 As to the fourth cause of action claim that defendants failed to comply with the Environmental Conservation Law, it has been shown that pursuant to 14 NYCRR 52.7 (c) a negative declaration was made on February 18, 1981 which determined that the development of the community residences would not substantially impact the environment. That declaration was filed by sending copies to appropriate State agencies and to the Mayor of the City of White Plains in accordance with relevant statutes and regulations. The time to challenge the negative declaration has expired (CPLR 217).
Finally, the fifth and sixth causes of action must fall. Improving the Bryant Avenue site of 27 acres with 10 community residences, which will provide a family style environment for mentally disabled residents, does not ipso facto convert those residences into proscribed institutions or contravene the right of mentally disabled persons to reside in a least restrictive environment. Only conclusory allegations have been advanced that the community residences would adversely affect the nature and character of the area.
Defendants are awarded summary judgment dismissing the complaint. The judgment is to declare that the construction of eight additional community residences on the Bryant Avenue site is not within the purview of section 41.34 of the Mental Hygiene Law; that the White Plains building code and zoning ordinance may not be enforced with respect to site development; that there has been compliance with the Environmental Conservation Law, and that the improvement of the Bryant Avenue site does not violate statutory proscriptions relating to institutionalized settings, least restricted environments or that development of the community residences adversely affects the nature and character of the area.
Plaintiff’s motion for a preliminary injunction is denied as moot.