OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioners argue that as to leases they entered into with tenants prior to the adoption by the Board of Trustees of the Village of Freeport of a resolution declaring the exis *834 tence of an emergency pursuant to subdivision a of section 3 of the Emergency Tenant Protection Act of 1974 (ETPA) (L 1974, ch 576, § 4), the act, to the extent that it requires a refund of so much of the rent paid prior to the date of adoption of the resolution as is in excess of the fair market rent determined after such adoption is an unconstitutional impairment of contract in violation of section 10 of article I of the United States Constitution. They argue further that they were entitled to a hearing on comparable rents as related to the establishment of the fair market rent for the housing units involved. Neither argument withstands analysis.
Each of the leases in question was made after passage of the ETPA, which in subdivision b of section 9 expressly provides that “Where the state division of housing and community renewal has determined that the rent charged is in excess of the fair market rent it shall order a refund of any excess paid since January first, nineteen hundred seventy-four or the date of the commencement of the tenancy, whichever is later.” Every lease entered into after the effective date of the ETPA was, therefore, subject to the power of the State reserved by that provision to itself and to the municipalities authorized by subdivision a of section 3 to determine the emergency need for controlling rents within its borders (of which Freeport is one), to require that rent paid under such a lease be refunded to the extent that the rent reserved exceeded the fair market rent as thereafter determined. The teaching of Ogden v Saunders (12 Wheat [25 US] 212) and Veix v Sixth Ward Assn. (310 US 32, 38), recently reaffirmed by the Supreme Court in Allied Structural Steel Co. v Spannaus (438 US 234, 242, n 13; see, also, Tribe, American Constitutional Law, §§ 9-5, 9-6), is that petitioners’ apartments were “an enterprise already regulated in the particular” to which they now object at the time the leases in question were made. That being the case, the “retroactivity” which petitioners claim invalidates the refund requirement as to them under the contract clause simply does not exist.
Petitioners’ comparability argument is no stronger. Subdivision b of section 9 of ETPA expressly mandates that when a tenant application under that subdivision is under *835 consideration “the state division of housing and community renewal shall be guided by such guidelines” (i.e., guidelines promulgated by the local rent guidelines board). Only as to an application by owner or tenant under subdivision a of section 9 are “the rents generally prevailing in the same area” to be considered. Petitioners filed no application under subdivision a and their suggestion that they could not do so within the 60 days allowed because the guidelines were not adopted until the 60th day after the local effective date is simply specious. Subdivision a allows the owner to seek adjustment of the “initial legal regulated rent,” which is defined by section 6 (subd b, cl 2) as “the rent reserved in the last effective lease” and as concerns an adjustment in that rent at the request of the owner under subdivision a has nothing to do with local guidelines.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.