ALLEN ROSS et al., Respondents, v ROBERT KEON et al., Appellants.

No procedural error occurred in treating the aforenoted branch of plaintiffs' cross motion as one for summary judgment. Plaintiffs' notice of cross motion clearly indicated that they were seeking summary judgment pursuant to CPLR 3211 (c) and defendants submitted answering affidavits. In such circumstances, Special Term was not required to notify defendants before ruling on the cross motion (*see, O'Hara v Del Bello,* 47 NY2d 363, 367-368; *Pollnow v Poughkeepsie Newspapers,* 107 AD2d 10, 16, n 4; *Goldstein v County of Monroe,* 77 AD2d 232, 234; *Monteferrante v New York City Fire Dept.,* 63 AD2d 576, *affd* 47 NY2d 737 *on mem at App Div*). Moreover, defendants sought and were granted reargument which gave them another opportunity to place evidentiary matter before the court (*cf. Schnur v Mehl,* 75 AD2d 890, 891; *Franklin v Pee Dee Jay Amusement Co.,* 71 AD2d 866, 868).

We perceive no reason to overturn the determination on the merits. The action concerns a claim for additional rents due under a lease which provided for rental increases based on the consumer price index. Although current regulations of the New York State Department of Health preclude the inclusion of such clauses in leases governing nursing homes (10 NYCRR 600.2 [e]), that provision did not become effective until December 21, 1978, long after the lease in issue was executed. The regulations could not, of course, have retroactive effect (*see, Char-Mo Investors v Market Ins. Co.,* 44 NY2d 793; *Health Ins. Assn. v Harnett,*

44 NY2d 302, 313; *cf. Matter of Freeport Randall Co. v Herman,* 56 NY2d 832, 834). Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.