In the Matter of COMMUNITY ACTION AGAINST LEAD POISONING, an Unincorporated Association, by its Chairman RONALD STRATTON, et al., Respondents, *v.* JOHN J. LYONS, as Commissioner of Health of the County of Albany, et al., Appellants.

Third Department, January 3, 1974.

*Condon A. Lyons, County Attorney* (*Robert E. Harris* of counsel), for John J. Lyons, appellant.

*Louis J. Lefkowitz, Attorney-General* (*Eileen A. Sullivan* and *Ruth Kessler Toch* of counsel), for Hollis S. Ingraham, appellant.

*Legal Aid Society of Albany, Inc.* (*Lawrence F. Klepper* and *Lanny E. Walter* of counsel), for respondents.

MAIN, J. This is an appeal, by permission, from an order of the Supreme Court at Special Term, entered March 16, 1973 in Albany County, which denied appellants' motion to dismiss the petition.

This is a proceeding pursuant to article 78 of the CPLR in which petitioners seek an order in the nature of mandamus, requiring appellants to institute certain procedures, pursuant to the Public Health Law, the State Sanitary Code, and the New York Codes, Rules and Regulations, for the control of lead poisoning in each of 12 designated census tracts in the City and County of Albany. Appellants moved to dismiss the petition upon the grounds that petitioners lacked standing to maintain the proceeding, that the court lacked jurisdiction of the subject matter and that the petition failed to set forth facts entitling petitioners to the relief sought or to any relief pursuant to article 78 of the CPLR.

The court below, in a decision dated February 6, 1973, denied the motion, holding that petitioners have the requisite standing to maintain the proceeding and that the procedures which they seek to compel appellants to perform are official duties, imposed by statutes and regulations, which are positive and not discretionary, and ordered that the appellants answer the petition. Challenging both petitioners' standing to bring this procedure and the propriety of mandamus in the circumstances of this case, appellants appeal from the order of the trial court.

While section 13 of the Public Health Law clearly authorizes at least the individual petitioners to bring this proceeding, it is the remedy which they seek which serves to defeat their position. On a motion to dismiss, such as we have here, we may admittedly consider only the petition, which is to be construed most favorably for the petitioners and the facts of which are conceded for the purpose of this motion (*Matter of Town of Arietta* v. *State Bd. of Equalization and Assessment*, 37 A D 2d 431, app. dsmd. 30 N Y 2d 771; 24 Carmody-Wait 2d, New York Practice, § 145:315, p. 147). Nevertheless, even when viewed in this light, we are obliged to reverse the order of the court below and dismiss the petition.

It is fundamental that the remedy sought here is extraordinary and that: " the judiciary is loathe to interfere with the executive department of the government in the exercise of its official duties, unless some specific act or thing which the law requires to be done has been omitted." (*Matter of Walsh* v. *LaGuardia*, 269 N. Y. 437, 441–442; *Matter of International Ry. Co.* v. *Schwab*, 203 App. Div. 68, 74.) Moreover, mandamus is not available

" to compel a general course of official conduct or a long series of continuous acts ", performance of which it would be impossible for a court to oversee (*People ex rel. Lehmaier* v. *Interurban Street Ry. Co.,* 177 N. Y. 296, 301; 23 Carmody-Wait 2d, New York Practice, § 145:96, p. 571), and is particularly inappropriate where a relevant statutory duty involves the exercise of judgment and discretion (*Matter of Posner* v. *Levitt,* 37 A D 2d 331). When it is granted, the order " must command precisely what the party is required to do, and no more than he is legally bound to do ". (*Matter of International Ry. Co.* v. *Schwab, supra,* p. 73; *People ex rel. Hasbrouck* v. *Board of Supervisors of County of Dutchess,* 135 N. Y. 522, 533.)

In the instant proceeding, petitioners seek an order requiring appellants to: conduct and cause to be conducted a blood level screening program for all children under the age of six years in designated census tracts in the City of Albany; inspect and cause to be inspected *all dwelling units within said tracts*; examine and seek abatement of all conditions of lead paint hazards in said tracts; use all available enforcement powers and procedures, in the absence of co-operation, to compel landlords to delead dwellings found to contain a lead paint hazard; develop and implement and cause to be developed and implemented forthwith a lead poisoning control program in said tracts; and exercise forthwith their supervisory responsibilities and duties to assure the performance of all obligations required by the Public Health Law, Sanitary Code and Administrative Rules and Regulations, with respect to the subject matter of this petition.

That these acts, and each of them individually, which petitioners seek to compel appellants to perform, constitute " a general course of official conduct or a long series of continuous acts " (cf. *People ex rel. Lehmaier* v. *Interurban Street Ry. Co., supra*) and involve the exercise of a great deal of judgment and discretion (cf. *Matter of Posner* v. *Levitt, supra*) is obvious, and any attempt to frame a proper order embodying petitioners' requests (cf. *People ex rel. Hasbrouck* v. *Board of Supervisors of County of Dutchess, supra*) would boggle the keenest of legal minds, irrespective of the attendant problems of its interpretation and enforcement (cf. *People ex rel. Lehmaier* v. *Interurban Street Ry. Co., supra*).

Therefore, while in no way minimizing the tremendous problem of lead poisoning and its terrible threat to the well-being of young children, we must, nevertheless, dismiss the petition as being an improper vehicle for the redress of any of their alleged grievances.

The ·order should be reversed, on the law and the facts, **and** motion to dismiss the petition granted, without costs.

STALEY, JR., J. P., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Order reversed, on the law and the facts, and motion to dismiss petition granted, without costs.