## (November 23, 1981)

■ Committee to Abolish Sport Hunting, Inc., et al., Appellants, v Palisades Interstate Park Commission et al., Respondents. — In an action, *inter alia,* to permanently enjoin defendants from permitting the hunting of deer on certain property, plaintiffs appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), entered November 16, 1981, which denied their motion for a preliminary injunction. Order affirmed, without costs or disbursements. Defendant Palisades Interstate Park Commission (PIPC), in consultation with the New York State Office of Parks and Recreation and the Fish and Wildlife Division of the New York State Department of Environmental Conservation (DEC), opened up the Pine Meadow Lake Area of Harriman State Park for a limited pilot deer hunting project which was to commence on November 16, 1981. The project resulted from years of study and discussion between the relevant agencies as to how best to manage the deer herd in Harriman, and included public hearings and comments in conjunction with the filing of environmental impact statements. The plaintiffs, consisting of various organizations and individuals opposed to hunting, for moral as well as community safety reasons, commenced this action to, *inter alia,* set aside the order permitting the hunt. Special Term denied the plaintiffs' motion for a preliminary injunction and this court stayed the commencement of the hunt, in effect, pending the determination of the appeal from Special Term's order. In order to obtain a preliminary injunction the movant must demonstrate: (1) the likelihood of ultimate success upon the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see *Albini v Solork Assoc.,* 37 AD2d 835). We agree with Special Term that the plaintiffs failed to meet their burden. The record demonstrates that the DEC and PIPC entered into a co-operative arrangement to develop a deer management program consistent with each agency's overlapping jurisdiction (see ECL 3-0301, subd 2, par d, cl [1]; 11-0303, subd 1). The DEC, pursuant to its exclusive authority to regulate hunting in this State (see ECL 11-0105; 11-0107, subd 1; 11-0305, subds 2, 9, 10), declared Harriman as a Deer Management Unit and authorized limited hunting for the 1981 season (see ECL 11-0907, subd 2, par a; 11-0913; 6 NYCRR 1.21). The PIPC, pursuant to its exclusive jurisdiction over Harriman, co-operated with the DEC and developed the deer management program (see Parks and Recreation Law, § 9.01; 9 NYCRR 408.1 [m]). An implied delegation of power existed within the co-operative arrangement with the DEC, which authorized the PIPC to permit the hunt (see ECL 3-0301, subd 2, pars d, *l*, p; 11-0303, subd 1). The record also indicates that the plaintiffs have demonstrated only speculative and conjectural injuries which cannot support the issuance of a preliminary injunction (see, e.g., *Board of Educ. v County of Westchester,* 34 Misc 2d 795, affd 18 AD2d 966). This is not to say that serious concerns were not raised, but only that the restricted nature of the PIPC's plan sufficiently addresses the issue of safety. In addition, the PIPC's resolution authorizing the hunt was a valid exercise of its power as a commission created by interstate compact (see L 1937, ch 170) and is not subject to the filing requirements of the State Administrative Procedure Act or the Executive Law (see State Administrative Procedure Act, § 102, subd 1; Executive Law, § 102, subd 2). We have considered the remaining arguments and find them to be without merit. Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.