■ WILLIAM C. M. KIVLAN, Respondent, v 230 E. 73RD CORP. et al., Appellants. — Order of the Supreme Court, New York County (Eugene R. Wolin, J.), entered March 24, 1983 reversed, on the law and the facts, with costs, and plaintiff's motion for a temporary injunction denied. This action involves plaintiff's claim to the right to possession to a rent-stabilized five-room duplex penthouse apartment in premises 230 East 73rd Street, New York City. The original tenant of the apartment was plaintiff's aunt, Ceil Rogers. She commenced her occupancy in 1950. In 1953 she married Thomas Rogers who moved into the apartment with her. Thereafter, the leases executed for the apartment were executed by Thomas. In 1970 plaintiff and his mother, Ann Kivlan moved into the apartment. Three years thereafter plaintiff married. At the time plaintiff's wife was tenant of a rent-controlled apartment at 115 East 72nd Street and plaintiff moved into that apartment. His mother and the Rogers continued to live at 230 East 73rd Street. In July of 1979 the tenant of record, Thomas Rogers, and his wife Ceil, died within a few days of each other. Although the lease then extant ran to September 30, 1980, plaintiff, shortly after the death of Thomas and Ceil Rogers, commenced this action to have himself declared a cotenant of the apartment. The action lay fallow. Ann brought a proceeding before the Conciliation and Appeals Board (CAB) which challenged the refusal of the landlord to offer her a renewal lease effective October 1, 1980. By order dated March 25, 1982 the Conciliation and Appeals Board held that Mrs. Kivlan was a tenant in the premises and directed the landlord to issue a three-year lease to her in her own name, effective "on the date a fully executed copy is served on the tenant". The landlord complied with this order. It is noteworthy that the opinion of the CAB recites that "[a]ccording to the tenant * * * she is currently the *sole* occupant of the subject apartment" (emphasis supplied). Ann Kivlan died on January 11, 1983. When plaintiff sought to enter the apartment the landlord denied access to him until he obtained letters of administration on the estate of his mother. Thereafter, he was permitted access but only for estate purposes. In February, 1983, this action, which had lain dormant for approximately three and one-half years, was revived by a motion for a temporary injunction restraining the landlord

and its managing agent from interfering with the access, use and occupancy of the apartment by plaintiff and his immediate family. Special Term granted that application. We think the grant of the temporary injunction was improper. Although plaintiff contends that he paid the rent throughout, the record shows that, from the time of his marriage in 1973, to the death of Rogers, the checks for the rent were, with perhaps one or two isolated exceptions, drawn to the order of Thomas Rogers and indorsed over to the landlord by Rogers. Moreover, the proof shows that plaintiff resided at the East 72nd Street address with his wife and child. While he may have visited with his mother regularly and even stayed overnight upon occasion because of the condition of her failing health, the claim that he resided there rests on the slenderest of proof. Plainly, plaintiff has failed to show the likelihood of success and the irreparable injury necessary to warrant the invocation of the extraordinary preliminary relief sought by him (*After Six v 201 East 66th St. Assoc.*, 87 AD2d 153; *Committee to Abolish Sport Hunting v Palisades Interstate Park Comm.*, 84 AD2d 798). In sum, in the circumstances here presented, we conclude that plaintiff was not entitled to the drastic relief here sought. Concur — Kupferman, J. P., Silverman, Bloom, Milonas and Kassal, JJ.