OPINION OF THE COURT
Stanley B. Katz, J.
This is a CPLR article 78 proceeding to vacate the determination by respondents to close Engine Company 294 of the Fire Department of the City of New York. Respondents cross-move to dismiss the petition.
Petitioners are community organizations, residents and political representatives of the area in Queens affected by the closing. Petitioners maintain that the determination by re *655 spondents was arbitrary and capricious in that nonessential municipal services should be eliminated before essential services and that the affected community will no longer be afforded adequate protection against the dangers of fire. In opposition to the petition and in support of the cross motion, respondents contend that their determination presents a nonjusticiable controversy and that the petition fails to state a cause of action.
The court is fully cognizant of the serious issues raised by petitioners and empathizes with their fears and concern over what they regard as inadequate protection against the dangers of fire to life and property. However, after careful consideration of the relevant law, the court determines that the dispute herein is nonjusticiable but that even if it was, the standard of review permitted the court pursuant to CPLR article 78 would not require a reversal of respondents’ determination.
The concept of justiciability, meaning appropriate for judicial resolution or within the authority of the judiciary to review, is an amphorous concept and defies clear definition. Justiciability is a word of art which recognizes that in a tripartite system of government, certain issues are best determined by the political branches of government, the executive and their legislative, and not by the judicial branch. (See, Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, 64 NY2d 233; Jones v Beame, 45 NY2d 402; Bowen v State Bd. of Social Welfare, 45 NY2d 402; Matter of Abrams v New York City Tr. Auth., 39 NY2d 990.) Restraint by the judiciary is particularly important when the issues involve matters of policy, the exercise of discretion, questions of judgment and allocation of resources.
Even where an article 78 proceeding is permitted (see, CPLR 7801 et seq.), the court’s power of review is limited to whether the determination by the body or officer is arbitrary, capricious and/or contrary to law. The court is not permitted to substitute its judgment for that of the body or officer empowered by statute to issue the determination. (See, Klostermann v Cuomo, 61 NY2d 525.)
In the matter herein, it is conceded by petitioners that the city is in the throes of severe economic pressure and a budget crisis. In response thereto, the Mayor determined that budget reductions for all municipal services, including the Fire Department, were necessary. The Fire Department, by its Com *656 missioner, elected to terminate Engine Company 294 based on its determination that surrounding fire companies could adequately protect the lives and property of the affected community. There is no evidence to doubt the good faith of the Fire Department nor are there any claims of unconstitutionality or other illegality. (See, Grant v Cuomo, 130 AD2d 154; Rodgers v Koch, 111 AD2d 727.)
The management and operation of municipal government, which require decisions regarding the quality and quantity of municipal services, should not be preempted by the judiciary but left in the control of duly elected officials. (See, Towns v Beame, 386 F Supp 470; Klostermann v Cuomo, supra; Jones v Beame, supra.)
However, even were the court to determine that the issue under consideration is justiciable, the standard of review pursuant to CPLR article 78 would not require a reversal of respondents’ determination. (See, Matter of Berncolors-Poughkeepsie, Inc. v City of Poughkeepsie, 96 AD2d 595; Committee to Abolish Sport Hunting v Palisades Interstate Park Commn., 84 AD2d 798; Matter of Community Action Against Lead Poisoning v Lyons, 43 AD2d 201, affd 36 NY2d 686; City of New York v New Saint Mark’s Baths, 130 Misc 2d 911, affd 122 AD2d 747.) The determination was based on objective data available to the Commissioner and sound fire protection principles and was neither arbitrary nor capricious. Whether the court would have chosen the same option as respondents, is irrelevant.
Accordingly, the petition is denied. The cross motion to dismiss is granted.