*53 OPINION OF THE COURT
John G. Connor, J.
Donald Parkinson, presently incarcerated, seeks an order pursuant to CPLR article 78 for the return of his prosthetic leg (writ of mandamus). Parkinson, charged in 1997 with discharging a firearm at the New York State Troopers, was tried and convicted before a Columbia County jury. Shortly after his arrest, the prosthetic device was confiscated by the State Police. Some 36 shots were fired by the police, three hitting Parkinson, penetrating his prosthetic leg, back and buttock area. At his trial the People placed in evidence Parkinson’s leg.
It is not clear why the artificial leg was placed in evidence since at the time of the shoot-out Parkinson was on the ground. Equally puzzling is why the prosthetic device was taken from petitioner in the first instance, and under what authority the police denied petitioner the right to use his prosthetic device while he was awaiting trial.
Parkinson, now awaiting appeal, claims that he asked the County Judge at the time of sentencing why he could not have his prosthetic leg and that the Judge explained that there was nothing he could do and that it was out of his hands.
Petitioner contends that such taking is in violation of the Eighth Amendment. Petitioner must show that (1) the deprivation is sufficiently serious to amount to a constitutional violation, and (2) respondents had a deliberate indifference to petitioner’s health or safety. (See, Farmer v Brennan, 511 US 825 [1994]; Rhodes v Chapman., 452 US 337 [1981]; Wilson v Seiter, 501 US 294 [1991].) Here respondents’ confiscation and retention of petitioner’s leg has deprived petitioner of the ability to ambulate without crutches, causing him to be confined to his cell. He is also being denied access to recreation and the law library in prison. (See, Rhodes v Chapman, supra.) Furthermore, petitioner contends that respondents’ continued retention of his prosthetic leg may cause him to not be able to use the same due to changes in the stump of his amputated leg.
The District Attorney’s office argues that returning the leg pending any appeal by petitioner would allow him to tamper with the evidence. No cogent or compelling reason is offered by the Columbia County District Attorney’s office why the artificial leg, which was taken some 12 months ago, needs to be retained pending appeal. Nor have respondents offered any authority for the taking of Parkinson’s prosthesis in the first *54 instance. There is no evidence that Parkinson used his prosthetic leg as a weapon and therefore, it is not a product of a crime. Respondents urge that although the Supreme Court has concurrent jurisdiction, it has no right to interfere with the orderly process of preserving evidence under the jurisdiction of the County Judge. Under article 78 this court may review an order of the County Court if such intermediate order is arbitrary and capricious. Interestingly enough, there exists no original order allowing the taking of petitioner’s prosthetic leg.
Mandamus will issue only where there is a clear showing of arbitrary and illegal action, without reasonable explanation or excuse. (See, Matter of Friess v Morgenthau, 86 Misc 2d 852 [1975] ; Matter of Butts v Justices of Ct. of Special Sessions, 37 AD2d 607 [2d Dept 1971].) Petitioner must show a clear legal right to the relief requested. (See, Matter of Fehlhaber Corp. v O’Hara, 53 AD2d 746 [3d Dept 1976].) Mandamus is a drastic remedy and should only be used in extraordinary circumstances. (See, Matter of Community Action Against Lead Poisoning v Lyons, 43 AD2d 201 [3d Dept 1974].) The court must examine whether the acts of the respondents were arbitrary and capricious; an arbitrary and capricious act is one which is contrary to the Constitution, contrary to law, without legal authority, or outside the scope of a statute. (See, 6 NY Jur 2d, Article 78 and Related Proceedings, §§ 52-54.)
The taking of petitioner’s medical and rehabilitative device, which enables him to actively ambulate, violates due process. It is tantamount to cruel and inhuman punishment causing petitioner to serve his sentence without the assistance of his medical prosthesis which rightfully belongs to him. The Sentencing Judge’s refusal to act has subjected petitioner to cruel and inhuman treatment in serving his pending sentence. It is clear that the confiscation, retention and deprivation of the petitioner’s leg served no legitimate penological objective any more than it squares with evolving standards of decency. (See, Farmer v Brennan, 511 US 825, 833 [1994], supra; Rhodes v Chapman, 452 US 337, 347 [1981], supra; Hudson v Palmer, 468 US 517, 548 [1984]; Estelle v Gamble, 429 US 97, 102 [1976] .) There is no evidence that petitioner’s leg was used in connection with the crime except to the extent that petitioner stood upon his leg while he allegedly committed the same.
The court finds that the respondents’ confiscation and retention of petitioner’s prosthetic leg satisfies both the subjective and objective tests for a violation of the petitioner’s constitutional rights. (See, Brooks v Taylor, 1991 WL 67166 [SD NY, *55 Apr. 18, 1991, Sweet, J.]; Hathaway v Coughlin, 37 F3d 63 [2d Cir 1994]; Archer v Dutcher, 733 F2d 14 [2d Cir 1984]; Koehl v Dalsheim, 85 F3d 86 [2d Cir 1996]; Gadson v Goord, 1997 WL 714878 [SD NY, Nov. 17, 1997, Sotomayor, J.].) Respondents’ unlawful confiscation of petitioner’s prosthetic leg was a deprivation of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution, and respondents’ retention of petitioner’s leg constitutes cruel and unusual punishment as defined by the Eighth Amendment of the United States Constitution. (US Const 8th, 14th Amends.) Respondents’ deliberate indifference to the petitioner’s need for his prosthetic leg, and the retention of the same, was arbitrary, illegal and inexcusable.
Accordingly, the petition is granted and respondents are hereby directed to return to petitioner his prosthetic leg within 30 days of the service of a copy of this decision and order with notice of entry thereon. Respondents may photograph petitioner’s leg for use in defense of petitioner’s appeal and shall provide copies of any such photographs to counsel for the petitioner. Likewise, petitioner shall provide respondents with copies of any photographs he may take of his prosthetic leg in conjunction with his appeal.